UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY ANNE SCHEMBRI,<br><br>Plaintiff,<br><br>v.<br><br>COLORADO SPRINGS POLICE DEPT., et al.,<br><br>Defendants. | No. 2:23–cv–511–DJC–KJN PS<br><br>ORDER GRANTING IFP REQUEST<br><br>(ECF No. 2.) |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

Rule 8(a)[2] requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which . . . focus[es] litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Here, the substance of plaintiff's complaint is difficult to discern. The bulk of plaintiff's disparate allegations concern her interactions with her husband Mark Steven Schembri, including statements, failure to pay child support, and certain illegal activity. (ECF No. 1 at 6-7, 9.) Plaintiff also discusses an interaction she had in February of 2019 with unnamed TSA Agents that appears unrelated to her allegations against her husband; she mentions a prior case that was dismissed. (Id. at 5.) Finally, though plaintiff names as defendants the police departments of Colorado Springs, Colorado and Pueblo, Colorado, the connection of these entities appears merely to be that she filed police reports with them. (Id. at 5, 7.) Plaintiff lists a number of legal claims throughout the complaint, including "tort law," "1983" for "civil rights violations including excessive police force," "slander and defamation," "breach of duty of care," and negligence. (Id. at 4, 6.) Plaintiff seeks $999 trillion in damages, among other relief. (Id. at 8.)

Starting with the police departments in Colorado, plaintiff's complaint does not remotely allege sufficient facts from which the court can draw a reasonable inference that a constitutional violation of some sort occurred to support any claim under 42 U.S.C. § 1983, much less any other claim. Though plaintiff cites two police reports she filed, the police departments' apparent interaction appears to simply have been to take her reports. The court sees no other facts stated against the departments, or any officer thereof, giving rise to any other claim. For these reasons, the complaint is subject to dismissal against the two police departments for failure to state a claim. Iqbal, 556 U.S. at 678 (holding that a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

As to any claims that might be asserted against agents of the TSA—claims that appear

wholly unrelated to the police departments and plaintiff's husband—it appears those events took place in February of 2019. Thus, even if plaintiff could provide more detail about the actions of the individual TSA agents (including naming them in her allegations), any such claims based on violations of plaintiff's constitutional rights or other tort action would be barred by the applicable statute of limitations, which is two years.[3] Cal. Civ. P. § 335.1 (dictating that in actions for personal injury, the statute of limitations is two years). "Under federal law, a claim accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). For any claims under federal law, including 42 U.S.C. Section 1983 or the Federal Tort Claims Act, the statute of limitations began to accrue in February of 2019 when plaintiff would have been aware of the agents' conduct. See, e.g., Shaw v. Sacramento Cty. Sheriff's Dep't, 810 F. App'x 553, 554 (9th Cir. 2020) (finding plaintiff's 1983 claim for excessive force time barred because it accrued at the time the force was used, which was more than two years prior to filing of complaint). Thus, any claims against any TSA agents are subject to dismissal.

Finally, as to plaintiff's claims against her husband, the court finds the complaint must be dismissed for violations of Rule 8 and Rule 12. Under Rule 8, the complaint is required to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1). In contrast, the complaint is a rambling narrative of disjointed allegations that do not appear aligned with any substantive legal claim. As for Rule 12, governing law requires that a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Here, the court cannot find such facts to support claims, given the state plaintiff's narrative in the complaint.

////

---

[3] The court sets aside other issues with personal jurisdiction and venue, as the statute of limitations issues is dispositive of any claims plaintiff might have.

**Amendment of the Complaint**

Nevertheless, in light of plaintiff's pro se status, and because it is at least conceivable that plaintiff could allege facts to state a claim, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.  See Lopez, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected).

## STANDARDS FOR AMENDMENT

If plaintiff elects to file an amended complaint, this new pleading shall:

i.   be captioned "First Amended Complaint";
ii.  be limited to 5 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing (*pages exceeding the 5-page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);
iii. use numbered paragraphs;
iv.  set forth her various claims in separate sections;
v.   under each section, list the factual allegations supporting that particular claim against that individual defendant;
vi.  include a general background facts section to orient the reader only as necessary;
vii. include brief statements for jurisdiction, venue, and relief sought as is necessary;
viii. omit exhibits, documents, photos, or other such "evidence" of claims;
ix.  refrain from alleging redundant, immaterial, impertinent, or scandalous matters
x.   refrain from attempting to state criminal claims against defendants because plaintiff, as a private citizen, has no authority to bring such claims.  See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes); and
xi.  address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file an amended complaint.  If plaintiff determines that she is unable to amend his complaint in compliance with the court's order at this time, she may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;

2. Plaintiff is granted 28 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and

3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: April 13, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sche.511